**John M. WEBSTER, Appellant,**

**v.**

**Tomas R. MESA, Jr., Executive Director of the Elections Commission, Territory of Guam, and the Elections Commission, Territory of Guam, Appellees.**

**No. 74–2750.**

United States Court of Appeals, Ninth Circuit.

Aug. 1, 1975.

John M. Webster (argued), in pro. per.

Harold Haefer, Asst. Atty. Gen. (argued), Agana, Guam, for appellees.

## OPINION

Before BARNES, KILKENNY, and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

John M. Webster, who was barred from the 1974 legislative primary ballot by the Director of Elections of Guam, brought this action for injunctive and declaratory relief under 48 U.S.C. § 1421b(u), an act of Congress making available to residents of Guam the Equal Protection Clause of the Fourteenth Amendment.

■ While the completion of the election makes injunctive relief moot, declaratory relief is still available. The question otherwise would be "capable of repetition, yet evading review." *Roe v. Wade*, 410 U.S. 113, 124–125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147 (1973).

■ Webster complains that section 2916[1] of the Govt.Code of Guam deprives him of equal protection because, *inter alia*, the nominating petitions of independent candidates are subject to having names stricken if the names are those of voters who have previously signed nominating petitions for any of the partisan candidates seeking one of the 21 seats in the Guam Legislature.

The 21 Senators are elected at large. Candidates in the general election are the 21 Democrats and 21 Republicans who received the highest vote totals in the primary election, plus any independent candidates who qualified under Govt.Code of Guam § 2933.

Webster filed a timely nomination petition as an independent for the June 1974 primary election. His petition was signed by 250 qualified voters (the number required by Govt.Code of Guam § 2914). However, some of the signatures on Webster's petition also appeared on the petitions of one or more partisan candidates seeking a nomination for Senator. The partisan candidates' petitions were prior in time to Webster's petition.

The defendant notified Webster that because of duplication in petition signatures, his name could not be placed on the primary ballot.

The district court concluded that "Section 2916 does place independents in a different class and discriminates against independents * * *." However, it held that the discrimination served an important state interest, that it was not invidious, and that § 2916 was constitutional.

On its face, § 2916 appears to prohibit a voter who has signed a partisan candidate's petition from signing an independent's petition for the same office. This application causes no problem in the usual office which can have only one incumbent. If, however, 21 at-large senatorial positions are open for election, and a voter signs the petition of one or more partisan candidates, that voter may not sign any petition for an independent who may wish to seek one of the 21 seats in the same election. This provision not only discriminates against independent candidates, it deprives voters of an important right to nominate the candidates of their choice. This discrimination serves no "compelling state interest". *See Williams v. Rhodes*, 393 U.S. 23, 31, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

*Williams* struck down Ohio laws which favored the Republican and Democratic parties and frustrated new political parties seeking Ohio ballot positions. 393 U.S. at 32, 89 S.Ct. 5. Ohio had contended that it had absolute power to regulate

---

1. Govt.Code of Guam § 2916:

"Nomination papers may be filed on behalf of independent candidates. The papers shall be similar in form and signed in the manner as in the case of party candidates, and no nominator shall sign any petition who has previously signed a petition for the same primary for a partisan candidate. [Added by P.L. 10–151, effective June 24, 1970.]"

the selection of candidates, citing Article 2, § 1 of the U.S. Constitution. The court held that "no State can pass a law regulating elections that violates the Fourteenth Amendment's command that 'No State shall . . . deny to any person . . . the equal protection of the laws.' " 393 U.S. at 29, 89 S.Ct. at 10. The right of voters to cast their votes effectively was said to be "among our most precious freedoms". 393 U.S. at 30, 89 S.Ct. 5.

In *Bullock v. Carter*, 405 U.S. 134, 145, 92 S.Ct. 849, 31 L.Ed.2d 92 (1972), the Court recognized a state's legitimate interest in regulating the number of candidates on the ballot. However, § 2916 is not shown to have any reasonable *Bullock* purpose in keeping the number of candidates manageable. Instead, its apparent purpose is to make it more difficult for an independent candidate than for a party candidate to obtain vaiid signatures. By limiting the universe of possible signers to those qualified voters who may be willing to give up their right to nominate one or more partisan candidates for one or more of the 21 vacant seats, the section unreasonably forecloses participation in the political process.

Since it is unlikely that significant numbers of voters will deem it desirable to forgo the nomination of party candidates in order to remain free to sign one or more petitions for such independent candidates as may appear, the statute's net effect is a severe restriction on the rights of voters and independent candidates. This restrictive effect is inconsistent with equal protection and with the teaching of *Williams v. Rhodes*. Accordingly, the disqualification of signatures on independent petitions after a signer has nominated one candidate for a position on a partisan ballot is invalid and cannot be enforced with reference to senatorial positions.

 Webster also complains that § 2933(b) [2] of the Govt.Code of Guam deprives him of equal protection. The district court did not reach the constitutionality of § 2933(b), nor do we. There is no case or controversy involving that section. Until an independent candidate who, but for the ten per cent requirement, would be declared a candidate for the general-election ballot, finds himself denied the fruits of his plurality, the question remains hypothetical. Such a state of facts has not yet appeared in Guam and may never appear. Accordingly, the issue is not ripe for decision.

The judgment below is vacated and the cause is remanded to the district court of Guam with instructions to enter a declaratory decree consistent with the views expressed herein.

Vacated and remanded.

2. Govt.Code of Guam § 2933(b):
"The winner in all other primaries shall be the candidate receiving the greatest number of votes, except that no candidate running in the independent column shall be eligible for general election ballot placement unless he receives at least ten percent (10%) of the total votes cast for the office for which he is a candidate."